Memorandum. The order of the Appellate Division is reversed and summary judgment granted to the plaintiff.
Defendant has not met his burden of showing that he had a valid defense to nonpayment of the note or that noncompliance with the terms and conditions of the note was justified (see Uniform Commercial Code, § 3-307, subd [2]; 42 NY Jur, Negotiable Instruments, § 458, p 87). From the lengthy two-year hiatus in his education involving the cessation of studies at one university and the commencement of them at another, following a previous two-year interruption in his studies, the inference is justifiably reached that defendant terminated, rather than temporarily interrupted, his college program within the meaning of subdivision 1 of section 653-c of the Education Law (now § 683; L 1974, ch 942, § 16). When he was *833 compelled to withdraw from college for a second time due to medical reasons, it was defendant’s obligation to contact the corporation or the lending institution and apply for further deferment on his outstanding loan given the fact that the promissory note he signed in May, 1970 called for repayment of the loan in installments beginning July, 1970 both of which dates followed his withdrawal from college. Upon the factual background presented herein, we conclude that the corporation was entitled to require repayment of the loan pursuant to its terms.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, with costs, and summary judgment granted to plaintiff in a memorandum.